IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNE C. WILLIAMS<br>937 West Avenue<br>Springfield, PA 19064<br><br>     Plaintiff,<br><br> v.<br><br>PERSHING, LLC<br>10 Valley Stream Parkway<br>Malvern, PA 19355<br><br>     Defendant. | Civil Action<br><br>No. |

## CIVIL ACTION COMPLAINT

Plaintiff, Ferne C. Williams, by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1.   Plaintiff has initiated this action to seek redress against Defendant, her employer, for unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and other applicable law.

### II.   The Parties

2.   Plaintiff is Ferne C. Williams (hereinafter "Plaintiff"), an adult individual currently residing at the above address.

3.   Defendant is Pershing, LLC (hereinafter "Defendant"), a limited liability company created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a corporate headquarters at One Pershing Plaza, Jersey City NJ, 07399 and a principal place of business at the above address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant hereto, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III. Jurisdiction and Venue

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## IV.     Procedural and Administrative Remedies

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act as follows:

   a. On or about August 22, 2008, Plaintiff filed a timely written charge of discrimination (charge no. 530-2008-04087) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging race discrimination;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about February 27, 2009;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission, and will amend this Complaint to include a charge under the Pennsylvania Human Relations Act when the applicable period for investigation has expired.

12. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## V.     Factual Background

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff is an African American female.

15. Plaintiff has been employed by Defendant since June 1999.

16. Plaintiff is an Operations Manager of the Reconciliation Department, responsible for daily account reconciliation and voluntary Corporate Actions and Security Database maintenance.

17. During the course of Plaintiff's employment, Plaintiff was subjected to a pattern of racial discrimination by Defendant, including but not limited to:

   a. In 2005, Plaintiff's Director, Tim Thomas (Caucasian male), promoted Plaintiff's Supervisor, Michael Slade (Caucasian male), to Assistant Vice President, despite the fact that Michael Slade did not qualify for the position since he had been hired by Plaintiff eight (8) months prior and the rules required at least one (1) year of employment;

   b. Plaintiff told Tim Thomas that she believed that, if exceptions where to be made to the rules, a Manager should become Vice President rather than a Supervisor becoming Assistant Vice President and, in response, Tim Thomas told Plaintiff that she did not qualify because she would need to be an Assistant Vice President for two (2) years prior to being promoted and further stated that Plaintiff would then be promoted;

   c. In 2006, Defendant's Department Managers were promoted to the position of Senior Operations Manager, with the exception of the Performance Department Manager and Plaintiff;

   d. Plaintiff's Director, Chris Carpenter (Caucasian male), promoted another Operations Manager, Sue Ridgway (Caucasian female) to the position of Vice President, despite the fact that, at the end of the two year waiting period, Plaintiff met with her new Senior Operations Manager, Brad Brubaker (Caucasian male),

and explained in detail the conversation that had occurred two years prior between Plaintiff and Tim Thomas;

e. Defendant's Director of Human Resources, Laurice Skutches (Caucasian female), told Plaintiff that Defendant would not accept any recommendations for promotion after the deadline and that Plaintiff should get future promises in writing;

f. In 2007 to 2008, Plaintiff was told that she would be put in for a promotion to the position of Vice President, only to be informed that the committee thought that Plaintiff did not qualify due to her lack of participation in meetings and project involvement;

g. In 2008, David Frascella (Caucasian male), who had been employed by Defendant for four (4) years less than Plaintiff and who had been a Manager for two (2) years less than Plaintiff, was promoted to a Senior Operations Manager and further promoted to Vice President, while Plaintiff was never offered the opportunity to post for the positions;

h. In 2008, Keith Lotman (Caucasian male), who had been recently hired by Defendant as an Operations Manager, was also given the title of Vice President, despite the fact that he had less staff members reporting to him than Plaintiff had reporting to her;

i. Senior Operations Managers, Operations Managers, and some Supervisors, except for Plaintiff, were given either an office or a private cubicle by Defendant, even though they had less tenure than Plaintiff.

## Count I
### Title VII – Race Discrimination

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of her race.

20. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## Count II
### 42 U.S.C. § 1981

21. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

22. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

23. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of her race (African-American) and thereby deny her the benefits of the contractual relationship she had entered or sought to enter with Defendant.

24. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of her race and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/ Jamie M. Jamison, Esquire
Timothy M. Kolman, Esquire
Jamie M. Jamison, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

May 26, 2009